IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRESHAUNA HUFF, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| vs. | ) | |
| | ) | HON. |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS dba THE | ) | |
| UNIVERSITY OF ILLINIOIS AT | ) | |
| URBANA-CHAMPAIGN, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## **COMPLAINT**

PLAINTIFF, BRESHAUNA HUFF, by and through her attorneys, CARLA D. AIKENS, P.L.C., submits the following Complaint and Demand for Trial by Jury against THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS dba THE UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN.

## **JURY DEMAND**

COMES NOW PLAINTFF, and hereby makes her demand for trial by jury.

## **JURISDICTION**

1. At all times relevant to this complaint, PLAINTIFF BRESHAUNA HUFF was a resident of Champaign, County in the State of Illinois.

2. DEFENDANT THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS dba THE UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN ("UIUC") is a domestic non-profit corporation, which has its principal place of business at 352 Henry Administration Building, MC-350, 506 S. Wright St, Urbana, IL 61801

3.      This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq, and 42 USC 1981.

4.      Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

5.      Venue is proper in the Central District of Illinois pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6.      Plaintiff Breshauna Huff began working for the University of Illinois, in the Building Service Department, in August of 2016.

7.      Ms. Huff worked for Defendant for about five years before she began to be retaliated against due to her health matters.

8.      Ms. Huff had not been written up prior to the incidents as related herein, and otherwise performed her job to Defendant's legitimate expectations.

9.      Based upon the guidelines provided to Ms. Huff, she believed that she would be able to have intermittent and maternity leave due to her high-risk pregnancy.

10.     However, when she requested the time, she was denied and subsequently disciplined. She then began to experience issues at work, as stated herein.

11.     Throughout her entire pregnancy, Ms. Huff was discriminated against and harassed, and said harassment and singling out has continued to the present time.

12.     Plaintiff calculated the hours she worked from her pay stubs from the prior twelve months to be in excess of the minimum required to qualify for FMLA.

13.     However, Plaintiff was denied FMLA when she had the hours needed to be approved for FMLA, which caused her to lose seniority for having unexcused, unpaid time.

14.     Ms. Huff was forced to use her sick time and vacation time, time that she planned to save for when she needed to use it to cover doctors' appointments that should have been accommodated.

15.     Plaintiff was micromanaged and asked why she was sitting down during "non-authorized breaks," when it was stated within her accommodations that she was allowed to take breaks, as needed.

16.     Ms. Huff let the University know that she was taking off work early due to pregnancy complications, at which time she provided Defendant's agents with her doctor's note.

17.     Defendant, through its agents, was aware that she had not given birth to her child yet; however, she still began receiving parental pay.

18.     Plaintiff received parental leave pay from August 23, 2021 to October 3, 2021.

19.     As a result, Ms. Huff was disciplined because she did not have FMLA or parental leave the last two weeks after giving birth to her child.

20.     Plaintiff was written up for being out on maternity leave during the time frame that her child was born.

21.     Defendant admitted to the Equal Employment Opportunity Commission (""EEOC") that Plaintiff received an "informal corrective action in the form of a Constructive Contact ('CC') on November 1, 2021.

22.     Defendant further admitted to the EEOC that she received a "Performance Improvement Discussion ('PID') in January 2022 due to unexcused absences.

23.     Defendant also admitted that "[p]ending disciplinary action due to unexcused absences in May 2022 was held in abeyance at the time Ms. Huff filed this action."

24.     During this time, Plaintiff felt targeted, harassed and discriminated against by the University, which she believes has continued to the present time.

25.     Through this lawsuit, Plaintiff is seeking damages for what occurred to her, and requests that the University restore her seniority for the time she lost, and to discontinue harassing her and singling her out since that time.

26.     Ms. Huff filed a Charge with the EEOC on June 03, 2022 and received her Right to Sue letter on September 26, 2023. This lawsuit followed.

## COUNT I

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 U.S.C. § 12101, et seq. ("ADA")

27.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

28.     At all material times, Plaintiff was an employee, and Defendants were Plaintiff's employer, covered by and within the meaning of the ADA.

29.     A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

30.     Plaintiff had complications related to pregnancy, and therefore had a disability within the meaning of the ADA.

4

31.     Plaintiff's disability under the ADA was qualified, meaning that, with reasonable accommodation, she can perform the essential functions and duties of her job.

32.     Section 12112(a) of the ADA, makes it illegal to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

33.     Plaintiff was discriminated against on the basis of her disability when Defendant began treating her differently as soon as she informed them of her need to take time off prior to the birth of her child, including but not limited to when Defendant refused to permit her to take time off and disciplined her for missing work.

34.     Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

35.     But for Defendant's illegal discrimination, Plaintiff would not have been damaged.

36.     As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

37.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

38.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT ("IHRA")

39.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

40.     At all material times, Plaintiff was an employee, and Defendant was Plaintiff's employer, covered by and within the meaning of the IHRA.

41.     A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

42.     Plaintiff has a disability within the meaning of the IHRA.

43.     Plaintiff's disability is qualified, meaning that, with reasonable accommodation, he can perform the essential functions and duties of his job.

44.     The IHRA makes it illegal to discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability that is unrelated to the individual's ability to perform the duties of a particular job or position.

45.     Plaintiff was discriminated against on the basis of her disability when Defendant began treating her differently as soon as she informed them of her need to take time off prior to the birth of her child, including but not limited to when Defendant refused to permit her to take time off and disciplined her for missing work.

46.     Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

47.     But for Defendant's illegal discrimination Plaintiff would not have been damaged.

48.     As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

## COUNT III

### INTERFERENCE AND RETALIATION IN VIOLATION OF THE ADA

49.  At all material times, Plaintiff was an employee, and Defendant was Plaintiff's employer, covered by and within the meaning of the ADA.

50.  At all material times, Plaintiff was an employee, and Defendant was Plaintiff's employer, covered by and within the meaning of the ADA, 42 U.S.C. § 12101, et seq.

51.  A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

52.  Plaintiff has a disability within the meaning of the ADA.

53.  Plaintiff's disabilities under the ADA are qualified, meaning that, with reasonable accommodation, she can perform the essential functions and duties of her job.

54.  Section 12203(a) of the ADA makes it illegal for anyone to, "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter."

55.  Plaintiff faced retaliation, including but not limited to, when she complained of not being accommodated and discriminated against, when she was disciplined after taking leave, and Defendant was unwilling to provide her with proper leave and time off after she requested time off related to her pregnancy complications.

56.  Moreover, Section 12203(b) of the ADA makes it, "...unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed..."

57.     Defendant interfered with Plaintiff's ability to exercise rights under the ADA and the enjoyment of those rights as stated herein.

58.     Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

59.     But for Defendant's illegal discrimination Plaintiff would not have been damaged nor discharged.

60.     As a direct and direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

61.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

62.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV

## INTERFERENCE AND RETALIATION IN VIOLATION OF THE IHRA

63.     Plaintiff incorporates by reference the allegations set forth above as if alleged herein.

64.     At all material times, Plaintiff was an employee, and Defendant was Plaintiff's employer, covered by and within the meaning of the IHRA.

65.     A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

66.     Plaintiff has a disability within the meaning of the IHRA.

67.     Plaintiff's disabilities under the IHRA are qualified, meaning that, with reasonable accommodation, she can perform the essential functions and duties of her job.

68.     The IHRA makes it illegal for anyone to discriminate against any individual because such individual has opposed any act or practice made unlawful by the IHRA.

69.     Plaintiff faced retaliation, including but not limited to, when she complained of not being accommodated and discriminated against, when she was disciplined after taking leave, and Defendant was unwilling to provide her with proper leave and time off after she requested time off related to her pregnancy complications.

70.     Moreover, the IHRA makes it unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed a right protected

71.     Defendant interfered with Plaintiff's ability to exercise rights under the ADA and the enjoyment of those rights as stated herein.

72.     Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

73.     But for Defendant's illegal discrimination Plaintiff would not have been damaged nor discharged.

74.     As a direct and direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

75.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

76.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

77.   Plaintiff incorporates by reference all allegations in the preceding paragraphs.

78.   At all material times, Plaintiff was an employee, and Defendant was an employer, covered by and within the meaning of the ADA, 42 U.S.C. §§§ 12111 (4) 12111(2); 12111(5).

79.   A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

80.   Plaintiff has a disability within the meaning of the ADA, 42 U.S.C. § 12102.

81.   Plaintiff's disability under the ADA is qualified, meaning that, with reasonable accommodation, she can perform the essential functions and duties of her job.

82.   Plaintiff's requested accommodation included allowing Plaintiff reasonable time off to treat her disability and to be able to sit down and rest briefly, consistent with her work restrictions.

83.   The ADA, 42 U.S.C. §12112, prohibits an employer from discriminating against an employee on the basis of disability.

84.   Defendant violated the ADA, 42 U.S.C. §12112, when it engaged in the following, including but not limited to refusing to accommodate Plaintiff's disability by allowing her to work within her restrictions and take time off when she had pregnancy complications.

85.   Defendant's said unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

86.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI

## FAILURE TO ACCOMMODATE IN VIOLATION OF THE IHRA

87.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

88.     At all material times, Plaintiff was an employee, and Defendant was an employer, covered by and within the meaning of the IHRA.

89.     A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

90.     Plaintiff has a disability within the meaning of the IHRA.

91.     Plaintiff's disability under the IHRA is qualified, meaning that, with reasonable accommodation, she can perform the essential functions and duties of her job.

92.     Plaintiff's requested accommodation included allowing Plaintiff reasonable time off to treat her disability and to have her work restrictions accommodated. The IHRA prohibits an employer from discriminating against an employee on the basis of disability.

93.     Defendant violated the IHRA when it engaged in the following, including but not limited to terminating Plaintiff for his attempts to reasonably treat her disability.

94.     Defendant's said unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

95.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VII

### INTERFERENCE/RETALIATION AND DISCRIMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S. 2601, et seq. ("FMLA")

96.     Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

97.     At all material times, Defendant was an employer and Plaintiff an employee, covered by, and within the meaning of the FMLA.

98.     A respondeat superior relationship existed because her supervisors had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity, as alleged throughout this complaint.

99.     Plaintiff has worked for Defendant since 2016.

100.    Plaintiff inquired about FMLA, as set forth herein, to cover her maternity leave.

101.    Defendant informed Plaintiff that she was not eligible as she did not have hours.

102.    Plaintiff calculated the hours she had worked and determined that she was eligible, despite Defendant's statement that she did not have enough hours.

103.    Instead, Plaintiff put her on another type of leave which resulted in her having unexcused absences which accrued.

104.    As a result, Defendant had actual and constructive notice that Plaintiff needed and qualified for FMLA leave.

105.    29 U.S. 2615(a)(1), makes it, "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title…"

106.    As alleged in the statement of facts, Defendant routinely deny, or at the very least, restrain or interfere with Plaintiff's ability to take leave during her pregnancy.

107.    Moreover, 29 U.S. 2615(a)(2), makes it, "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this title…"

108.    As alleged in the statement of facts, Defendant discriminated and retaliated against Plaintiff for attempting to take FMLA leave, including disciplining her in January of 2022, and trying to discipline her again in May of 2022 until it was halted by her charge with the EEOC.

109.    Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

110.    But for Defendant's illegal discrimination Plaintiff would not have suffered damages, including loss of benefits and time off.

111.    As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

112.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

113.    Plaintiff requests relief as described in the Prayer for Relief below.

<u>COUNT VIII</u>

**RETALIATION IN VIOLATION OF 42 USC § 1981**

114.    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

115.   42 USC § 1981 prohibits individuals from intentionally discriminating and retaliating against persons who engage in protected activity, including reporting and opposing unlawful acts of race discrimination, in the making and enforcement of contracts.

116.   Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded to her by the First Amendment, the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991, and the ADA, FMLA.

117.   By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who do not report discrimination, who are male, who are not pregnant, and who do not have a disability, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

118.   Plaintiff engaged in activity protected by 42 USC § 1981 when she complained of and opposed unlawful gender and disability discrimination.

119.   The retaliation by Defendant that Plaintiff experienced included being disciplined and not allowed to have accommodations, nor take off time to treat her pregnancy complications.

120.   The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

121.   As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

122.   But for Defendant's unlawful discrimination against Plaintiff for opposing said discrimination, Plaintiff would not have suffered damages as set forth herein including her termination.

123.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT IX

### GENDER/PREGNANCY DISCRIMINATION IN VIOLATION OF 42 USC § 1981

124.    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

125.    42 USC § 1981 prohibits employers from intentionally discriminating against individuals, including employees, in the making and enforcement of contracts.

126.    Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded to her by the U.S. Constitution and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991, and Title VII.

127.    By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are male or not pregnant, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

128.    The intentional discrimination on the basis of Plaintiff's gender/pregnancy by Defendant that Plaintiff experienced included the failure to accommodate her pregnancy and disciplining her for taking time off related to pregnancy complications and the birth of her child.

129. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

130. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

131. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT X

## GENDER/PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

132. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

133. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

134. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

135. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or discriminate against an employee on the basis of gender and/or pregnancy.

136. Plaintiff is a woman and was pregnant and experienced pregnancy complications, at the pertinent times stated herein, and is a member of a protected class.

137.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

138.     As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

139.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

140.     Plaintiff requests relief as described in the Prayer for Relief below.

<u>**COUNT XI**</u>

**DISCRIMINATION BASED ON SEX & GENDER/PREGNANCY
IN VIOLATION OF THE IHRA**

141.     Plaintiff incorporates by reference all allegations in the preceding paragraphs as if they were alleged herein.

142.     At all times relevant, Plaintiff was employed by Defendant.

143.     Defendant was a covered "employer" within the meaning of the IHRA.

144.     Plaintiff is a woman and identifies as such, and was pregnant at pertinent times. Defendant was aware of the same. As such, Plaintiff is a member of a protected class.

145.     Plaintiff was subjected to offensive communication or conduct on the basis of her membership in this protected class.

146.     A respondeat superior relationship existed because Defendant and its agents had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity as alleged throughout this complaint.

147.   Defendant's conduct, as alleged throughout this complaint, constitutes discrimination based upon Plaintiff's gender in violation of IHRA.

148.   Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiffs rights.

149.   As a proximate cause of Defendant's discriminatory actions, Plaintiff has suffered damaged including losses in compensation, mental anguish, emotional distress, humiliation, loss of earning capacity, other damages to be determined by way of discovery and at trial.

150.   Plaintiff requests relief as described in the Prayer of Relief below.

## COUNT XII

### RETALIATION IN VIOLATION OF TITLE VII

151.   Plaintiff incorporates by reference all allegations in the preceding paragraphs.

152.   At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

153.   A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

154.   Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

155.   Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff reported discrimination to Defendant's agents.

156.   Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

157.     After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, including but not limited to disciplining her, as alleged herein.

158.     Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

159.     Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

160.     As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

161.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

162.     Plaintiff requests relief as described in the Prayer for Relief below.

<u>**COUNT XIII**</u>

**RETALIATION IN VIOLATION OF THE IHRA**

163.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

164.     At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of the IHRA, as amended.

165.     A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

166.     Defendant's conduct, as alleged herein, violated the IHRA which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

19

167.    Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff reported discrimination to Defendant's agents.

168.    Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

169.    After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, including but not limited to disciplining her, as alleged herein.

170.    Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

171.    Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

172.    As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

173.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

174.    Plaintiff requests relief as described in the Prayer for Relief below.

## **RELIEF REQUESTED**

PLAINTIFF, BRESHAUNA HUFF, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Exemplary damages in whatever amount which Plaintiff is entitled;
3. An award of lost wages and the value of fringe benefits, past and future;
4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: December 21, 2023                Respectfully Submitted,

                                        CARLA D. AIKENS, P.L.C.

                                        /s/ Carla D. Aikens
                                        Carla D. Aikens (P69530)
                                        615 Griswold St., Ste. 709
                                        Detroit, MI 48226
                                        carla@aikenslawfirm.com
                                        *Attorneys for Plaintiff*