IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BRESHAUNA HUFF,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Case No. 23-cv-2290 |
| THE BOARD OF TRUSTEES OF THE<br>UNIVERSITY OF ILLINOIS d/b/a<br>THE UNIVERSITY OF ILLINOIS AT<br>URBANA-CHAMPAIGN,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) | |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant's Motion under Federal Rule of Civil Procedure 12(b)(6) to Dismiss Plaintiff's Complaint (Doc. 6). For the following reasons, Defendant's Motion to Dismiss is granted in part and denied in part.

I.    **FACTUAL BACKGROUND**

Plaintiff Breshauna Huff filed a thirteen-count complaint against Defendant The Board of Trustees of the University of Illinois d/b/a The University of Illinois at Urbana-Champaign ("Defendant" or "the University"). (Doc. 1). Plaintiff began working for the University in the Building Services Department in August of 2016. (Doc. 1 at 2). She claims she worked for Defendant for about five years before Defendant began retaliating against her to due to her health issues. (*Id.*)

Plaintiff alleges that, based on guidelines she had received, she believed she would have access to intermittent and maternity leave for her high risk pregnancy. (*Id.*) Upon requesting the time, however, Plaintiff was denied leave and subsequently disciplined.

(*Id.*) Plaintiff contends she was discriminated against and harassed throughout her pregnancy including at least up until the time she filed her complaint. (*Id.*)

While Plaintiff alleges she worked enough hours to qualify under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, she was denied leave which led to the loss of seniority for having unexcused, unpaid time. (*Id.* at 3). Thus, Plaintiff was required to use sick time and vacation time to attend doctors' appointments. (*Id.*) Plaintiff claims she was micromanaged and questioned about "non-authorized breaks," even though she was permitted to take breaks as needed. (*Id.*)

Plaintiff informed the University she was taking off work early due to pregnancy complications and provided Defendant's agents with her doctor's note. (*Id.*) Defendant knew that, while Plaintiff had not yet given birth to her child, she still began receiving parental pay from August 23, 2021, to October 3, 2021. (*Id.*) Plaintiff contends she was disciplined because she did not have FMLA or parental leave for the last two weeks after giving birth. (*Id.*) Specifically, Plaintiff was written up for being out on maternity leave during the time frame that her child was born. (*Id.*)

Plaintiff alleges she received an "informal corrective action in the form of a Constructive Contract" on November 1, 2021. (*Id.*) She received a "Performance Improvement Discussion" in January 2022 due to unexcused absences. (*Id.* at 4). Defendant admits that Plaintiff's "pending disciplinary action due to unexcused absences in May 2022 was held in abeyance at the time Ms. Huff filed this action." (*Id.*) Throughout this period and continuing to the present time, Plaintiff felt targeted, harassed, and discriminated against by the University. (*Id.*)

Plaintiff now seeks damages and requests that the University restore her seniority for the time she lost. Counts I, III, and V of Plaintiff's Complaint are claims pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"). Counts II, IV, and VI are corresponding state law claims under the Illinois Human Rights Act ("IHRA"). Count VII includes claims for interference/retaliation and discrimination in violation of the FMLA. Counts VIII and IX are claims under 42 U.S.C. § 1981 for retaliation and gender/pregnancy discrimination. Counts X and XII are claims for gender/pregnancy discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*. Counts XI and XIII are corresponding claims under the IHRA. Defendant moves to dismiss all of Plaintiff's claims except for the FMLA interference/retaliation claim asserted in Count VII.

## II.   DISCUSSION

Defendant contends Plaintiff's claims under the IHRA should be dismissed under the doctrine of sovereign immunity based on Defendant's status as a state university. Defendant also asserts Plaintiff's claims under § 1981 should be dismissed for multiple reasons, including that the claims are based solely on disability and gender and not race. Furthermore, Defendant alleges Plaintiff's ADA and Title VII claims should be dismissed because the allegations in the complaint are not encompassed within Plaintiff's EEOC charge of discrimination.

In her response to Defendant's motion, Plaintiff moves to voluntarily dismiss her § 1981 claim. Therefore, Defendant's Motion to Dismiss is granted as to Counts VIII and IX.

### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. *Id.* To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a claim. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

### B. IHRA Claims and Sovereign Immunity

Defendant moves to dismiss Counts II, IV, VI, XI, and XIII, each of which is brought under the IHRA, on the basis of sovereign immunity. The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Subject to certain exceptions, the Eleventh Amendment

has been interpreted to prohibit "suits against a state, whether by its own citizens or citizens of another state." *Gerlach v. Rokita*, 95 F.4th 493, 499 (7th Cir. 2024). For claims where plaintiff seeks a monetary judgment, "only congressional abrogation or waiver by the state itself can over a state's sovereign immunity." *Id.* "Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement." *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55 (1996) (internal quotation marks and citation omitted). This immunity extends to the Board of Trustees of the University of Illinois. *Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 403 (7th Cir. 2018).

Under the Illinois State Lawsuit Immunity Act, "the State of Illinois shall not be made a defendant or party in any court," except as provided in certain statutes. 745 ILCS § 5/1. The IHRA is not mentioned as an exception to the State Lawsuit Immunity Act. 745 ILCS § 5/1.5; *see also Harris v. Illinois*, 753 F. Supp.2d 734, 740-41 (N.D. Ill. 2010) (dismissing IHRA claim against state agency as barred by sovereign immunity); *Sanders v. Illinois Dept. of Corr.*, 2023 WL 3285605, at *3 (S.D. Ill. May 5, 2023) ("Illinois has not consented to lawsuits brought against it under the IHRA thereby barring Plaintiff's claims.").

In arguing against dismissal, Plaintiff makes a policy argument that institutional interests should not be prioritized over the rights and welfare of individuals and her IHRA claims should be permitted to proceed. Regardless of the merits of sovereign immunity as a policy in these circumstances, Congress has not abrogated and the State has not waived its immunity from suit under the IHRA. Therefore, the Court grants

Defendant's Motion to Dismiss Counts II, IV, VI, XI, and XIII based on sovereign immunity.

### C. Title VII/ADA Claims and Exhaustion of Remedies

Defendant contends Plaintiff's ADA claims in Counts I, III, and V and her Title VII claims in Counts X and XII should be dismissed for failure to exhaust administrative remedies. Specifically, Defendant alleges Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination does not match the allegations in her complaint. Plaintiff's charge, which is attached to Defendant's Motion to Dismiss,[1] indicates that the discrimination began taking place on November 12, 2021, and concluded on May 2, 2022. (Doc. 6-1). In describing her claim, Plaintiff stated:

> I began my employment with Respondent in or around August 2016. My current position is Building Service Worker. Respondent was aware of my high-risk pregnancy. I requested an intermittent and maternity leave, which were denied. Subsequently, I was disciplined. I believe I have been discriminated against because of my sex, female (pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

Id.

Plaintiff's Complaint alleges she was on parental leave from August 23, 2021, to October 3, 2021. Defendant alleges Plaintiff's claims in the complaint are based on: (1) Defendant's actions prior to Plaintiff going on parental leave; (2) Defendant's actions before/during Plaintiff's parental leave; and (3) Plaintiff receiving discipline on

---

[1] In ruling on the motion to dismiss, the Court can consider the charge, which is central to Plaintiff's complaint and mentioned within it. *See O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 621 (7th Cir. 2020).

November 1, 2021. Defendant contends these claims fall outside the allegations of the charge as to both the timeline and substantive nature of the discrimination. Given that the charge only alleges discrimination that occurred after Plaintiff returned from parental leave, Defendant argues any allegations of discrimination occurring prior to November 12, 2021, and prior to Plaintiff's return from leave are not reasonably related to the charge on its face.

Upon receiving a right to sue letter, a plaintiff in federal court "may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (internal quotation marks and citation omitted). This requirement affords the EEOC and employee an opportunity to settle the matter while also ensuring that the employer has adequate notice of the challenged conduct. *Id.* at 1004.

"Claims are like or reasonably related when (1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* (internal quotation marks and citation omitted). The charge and complaint must at least describe the same conduct and involve the same individuals. *Id.* at 1004. A plaintiff cannot bring new claims that are inconsistent with the claim in her charge, even if the same parties and facts are involved. *Id.* at 1004-05. The determination of whether the complaint and EEOC charge include claims that are "like or reasonably related to" one another "requires a careful examination and comparison of the charges

and the complaint." *Id.* at 1005. When, as here, the charge was initiated by a nonlawyer, courts should construe the claims in the EEOC charge liberally. *Id.* at 1005 n.3.

Plaintiff cites *Thomas v. Chicago Teachers' Pension Fund*, 2022 WL 17543703 (7th Cir. Dec. 6, 2022), a discrimination case wherein Thomas listed October 26, 2020, as both the earliest and latest date of discrimination and claimed it was a "continuing action." *Id.* at *1. The only other date mentioned in the charge was Thomas's beginning date of employment on March 9, 2015. *Id.* The defendant in *Thomas* sought dismissal of Thomas's claim in the complaint that he was denied a promotion in February 2020 because that date was not referenced in the charge. *Id.* at *3. The Seventh Circuit determined that the absence of the February 2020 date in the charge was not fatal and the charge did not need to include "every fact that, individually or in combination, forms the basis" of the suit. *Id.* (internal quotation marks and citation omitted). The Court further noted that the charge referenced "a failure to promote, and February 2020 falls within 300 days of the charge." *Id.* The charge and complaint "describe the same conduct (failure to promote) and implicate the same company." *Id.* (internal quotation marks omitted). The Court held the allegations were sufficient to establish Thomas exhausted his administrative remedies under a liberal reading of his charge, because Thomas had provided the "minimum" allegation about the same conduct and same employer. *Id.* at *4.

As in *Thomas*, the dates on which Plaintiff alleges she was discriminated against, including the disciplinary action on November 1, 2021, appear to have occurred within 300 days of the filing of her EEOC charge on June 3, 2022. While some of the dates of actions referenced in the complaint are uncertain and others relate to her FMLA-related

claims which need not be exhausted, Plaintiff alleges in her response that the acts of discrimination occurred within 300 days of filing her charge. Furthermore, the allegations in Plaintiff's charge are reasonably related to the allegations in her complaint, particularly when the charge is interpreted liberally. Both documents address the primary issue of discrimination arising from Plaintiff's pregnancy and reference the same individuals, thereby establishing the requisite nexus between the administrative charge and complaint. At the very least, the claims in the complaint could be expected to grow out of the EEOC's investigation of the charge. Therefore, Defendant's Motion to Dismiss for failure to exhaust administrative remedies as to as to Counts I, III, V, X, and XII is denied.

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss as to Plaintiff's IHRA claims and her claims under 42 U.S.C. § 1981 is GRANTED Counts II, IV, VI, VIII, IX, XI, and XIII are hereby dismissed. Defendant's Motion is DENIED as to Counts I, III, V, X, and XII. Defendant shall file an answer or other responsive pleading within 14 days of the entry of this Order.

ENTER: March 31, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE